PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: CHRISTOPHER BANKS; In Re:
DIANE M. BANKS,
                                *Debtors.*

CHRISTOPHER BANKS,
                    *Plaintiff-Appellant,*

v.                                                    No. 02-1005

SALLIE MAE SERVICING CORPORATION;
EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,
                    *Defendants-Appellees.*

UNITED STATES OF AMERICA,
                    *Amicus Curiae.*

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CA-01-66-3, BK-94-1070-WA3-13, AP-114-A)

Argued: June 5, 2002

Decided: August 5, 2002

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge, and
Bobby R. BALDOCK, Senior Circuit Judge of the
United States Court of Appeals for the Tenth Circuit,
sitting by designation.

Affirmed by published opinion. Senior Judge Baldock wrote the opinion, in which Chief Judge Wilkinson and Judge Motz joined.

## COUNSEL

**ARGUED:** Mark Bennett Peterson, OGLE & PETERSON, P.C., Charlottesville, Virginia, for Appellant. Steven Leftridge Thomas, KAY, CASTO & CHANEY, P.L.L.C., Charleston, West Virginia, for Appellees. Frank A. Rosenfeld, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Amicus Curiae. **ON BRIEF:** Jeffrey A. Streiffer, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, St. Paul, Minnesota, for Appellees. Robert D. McCallum, Jr., Assistant Attorney General, John L. Brownlee, United States Attorney, William Kanter, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Amicus Curiae.

## OPINION

BALDOCK, Circuit Judge:

Plaintiff-Appellant Christopher Banks brought an adversary proceeding before the United States Bankruptcy Court for the Western District of Virginia, seeking a declaratory judgment that, pursuant to the provisions of his confirmed Chapter 13 plan, he was not liable for post-petition interest on his student loan debt. Banks and Defendant-Appellee Educational Credit Management Corporation (ECMC) filed cross motions for summary judgment. The bankruptcy court ruled in Banks' favor. ECMC appealed and the district court reversed. Banks appeals the district court order. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and 28 U.S.C. § 1291. We affirm.

## I.

In 1994, Banks filed a Chapter 13 petition seeking bankruptcy protection from a variety of debts including approximately $23,000 in federally guaranteed student loans. His initial and amended Chapter 13 plans treated Sallie Mae, the holder of his student loan notes, as the sole member of a separate class of unsecured creditors.[1] The plans each provided:

---

[1]Sallie Mae filed a proof of claim in the amount of $31,573.03 which included outstanding principal and interest accrued as of the date Banks

> During the pendency of this case, no interest, penalties, late charges, or costs of collection, including attorneys fees, shall accrue. . . . Upon his discharge, Debtor . . . shall be liable for only the unpaid balance of his prepetition debt.

Copies of the plans, along with a notice of the confirmation hearing, were mailed to Sallie Mae at a general address Banks provided. Sallie Mae and its assignees filed no objections to the plan and did not appear at the hearing.

On November 21, 1994, the bankruptcy court issued and mailed to creditors a confirmation order adopting the plan. The confirmation order provided the Trustee would pay Sallie Mae $4,103.23, which "SHALL BE APPLIED TO PRINCIPAL. NO INTEREST, PENALTIES, LATE CHARGES, OR COSTS OF COLLECTION (INCLUDING ATTORNEY'S FEES) SHALL ACCRUE." ECMC, Sallie Mae's assignee, does not dispute that it received the proposed plans, the hearing notice, and the confirmation order.

In 1999, the bankruptcy court issued a discharge order, closing the Chapter 13 case. Shortly thereafter, ECMC informed Banks by letter that it had applied the $4,103 in payments to interest rather than principal, had capitalized the remaining interest, and that he still owed $43,341.95.[2] Banks moved to reopen his Chapter 13 case, and filed

---

filed his petition. Sallie Mae capitalized the outstanding interest and assigned its claim to Great Lakes Higher Education Corporation, a non-profit loan guarantor, as required under the Federal Family Education Loan Program (FFEFL), 20 U.S.C. §§ 1071-1087, and the regulations promulgated thereunder, 34 C.F.R. part 682. In 1998, Great Lakes assigned the claim to ECMC. In 2000, shortly after Banks completed his Chapter 13 plan, ECMC assigned its claim back to Sallie Mae. Later that year, when Banks objected to Sallie Mae's payment demand, Sallie Mae assigned the claim back to ECMC. The transfers between Sallie Mae, a loan servicing corporation, and Great Lakes/ECMC, non-profit loan guarantors, were required under federal regulations governing federally guaranteed student loans. *See* 34 C.F.R. 682.402(f), (j) and 34 C.F.R. 682.406(a)(5).

[2]Under federal regulations governing federally guaranteed student loans, this was the proper allocation of payments a creditor receives on a defaulted student loan. The regulations direct creditors to apply payments received first toward accrued interest and then to the principal balance. 34 C.F.R. § 682.404(f). Unpaid interest may be capitalized. *Id.*

an adversary proceeding seeking a declaration that the confirmation and discharge orders had discharged all post-petition interest that accrued during the pendency of the Chapter 13 proceeding.

The bankruptcy court ruled in Banks' favor, holding the confirmation order is *res judicata*, barring ECMC from challenging its enforcement. The court agreed with ECMC that post-petition interest should not have been ordered discharged absent an adversary hearing in which Banks proved undue hardship. Nevertheless, the court concluded "the finality of confirmation makes the post-petition interest tolling provision *res judicata*." The court relied on the Tenth Circuit decision in *Andersen v. UNIPAC-NEBHELP (In re Andersen)*, 179 F.3d 1253, 1258 (10th Cir. 1999), and the Ninth Circuit Bankruptcy Panel's decision in *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee)*, 218 B.R. 916 (9th Cir. BAP 1998), *aff'd*, 193 F.3d 1083 (9th Cir. 1999), in which each court held the judicial policy favoring finality of confirmation must prevail even if the plan contained provisions contrary to the Bankruptcy Code.

ECMC appealed and the district court reversed, holding ECMC's claim for post-petition interest survived the discharge order. Although recognizing the conflict with Ninth and Tenth Circuit precedent, the district court held the confirmed plan did not operate as *res judicata* to bar collection of the interest. The court reasoned that while ECMC received copies of Banks' Chapter 13 plans, due process required a heightened degree of notice. The court also noted Banks' failure to initiate an adversary proceeding which would have provided such notice, and which is required under the Bankruptcy Code and Rules. The court concluded: "While the Court recognizes that sophisticated lenders such as ECMC, Great Lakes, and Sallie Mae should not turn a blind eye to the confirmation process, . . . neither should they fall victim to a Chapter 13 plan that flouts both bankruptcy law and the constitution."

On appeal, Banks asserts: (1) the district court erred in concluding the plan provision mandating the non-accrual of post-petition interest required an adversary hearing; and (2) the district court erred in concluding the confirmation process violated ECMC's due process rights.

## II.

Where a district court acts in its capacity as a bankruptcy appellate court, we review the bankruptcy court's decision independently. *See Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 319 (4th Cir. 2001). We review the bankruptcy court's factual findings for clear error. *Id.* We review de novo the bankruptcy court's legal conclusions. *Id.* Whether a Chapter 13 plan provision required an adversary proceeding and whether the confirmation process violated a creditor's due process rights are both legal questions we review de novo.

## A.

Student loans are nondischargeable in bankruptcy unless the Debtor can prove excepting the debt from discharge would impose an undue hardship. *See* 11 U.S.C. §§ 523(a)(8), 1328(a)(2). Post-petition interest on a nondischargeable debt also is nondischargeable. *Bruning v. United States*, 376 U.S. 358, 363 (1964); *In re Kielisch*, 258 F.3d at 324. Under *Bruning*, the Debtor remains personally liable following a bankruptcy discharge for post-petition interest on nondischargeable debts. 376 U.S. at 363; *In re Kielisch*, 258 F.3d at 324 (citing *Bruning* and finding post-petition interest on student loans nondischargeable in a Chapter 13 proceeding).

The Bankruptcy Code and Rules require Debtors to bring an adversary proceeding to determine the dischargeability of their student loans. Fed. R.Bankr. P. 7001(6). *See also In re Kielisch*, 258 F.3d at 324; *In re Andersen*, 179 F.3d at 1258. Debtors also must bring an adversary proceeding to discharge post-petition interest on student loan debt. *See In re Kielisch*, 258 F.3d at 324. Banks asserts an adversary proceeding was not required in this case because the plan provision sought to prohibit the accrual of post-petition interest and not to discharge interest accrued. This is a distinction without a difference. Federal Regulations direct creditors on a defaulted student loan debt to apply payments received first toward accrued interest and then to the principal balance. 34 C.F.R. § 682.404(f). Unpaid interest may be capitalized. *Id.* A Chapter 13 plan provision mandating that interest does not accrue clearly acts as a discharge of the post-petition interest

the creditor is entitled to receive. Under *Kielisch*, such a provision must be the subject of an adversary hearing:

> Allowing the Debtor to pay off loan principal without first permitting the application of the payment to satisfy postpetition interest would reduce the overall amount that the Debtors would have to pay . . . thus allowing the Debtors to accomplish indirectly what they could not accomplish directly under the plain language of § 523(a)(8), i.e., a partial discharge of the interest on their student loan debts without a showing of undue hardship.

*Id.* at 324. The district court correctly concluded the plan provision mandating the non-accrual of post-petition interest required an adversary hearing.

### B.

The Bankruptcy Code and Rules place the burden on the Debtor to file adversary proceedings to determine the dischargeability of student loan debts. *See* 11 U.S.C. § 523(a)(8), Fed. R. Bankr. P. 7001(6); *see also In re Kielisch*, 258 F.3d at 324. A Debtor commences an adversary proceeding by filing a complaint. Fed. R. Bankr. P. 7003. Where the creditor is a corporation, service of the complaint requires a summons delivered upon "an officer, a managing or general agent, or to any agent authorized by appointment or by law to receive service of process." Fed. R. Bankr. P. 7004(b)(3). The creditor-defendant has thirty days from the issuance of summons to file its answer. Fed. R. Bankr. P. 7012. The adversary proceeding is treated as a separate dispute between the Debtor and Creditor, subject to the procedural guidelines and safeguards contained in the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 7001. As in a civil trial, the bankruptcy court rules on the dispute only after a trial or upon receipt of a dispositive motion. *Id.* In an adversary proceeding, the Debtor bears the burden of establishing undue hardship. *See* 11 U.S.C. § 523(a)(8), Fed. R. Bankr. P. 7001.

In this case, Banks did not initiate an adversary proceeding. Instead, he included language in his Chapter 13 plan which purported to discharge post-petition interest. The creditor received "notice" of

the plan provision pursuant to Bankruptcy Rule 2002 rather than service of process under Bankruptcy Rule 7004. Under Rule 2002, the bankruptcy court must insure "parties in interest" receive not less than 25 days notice by mail of the time fixed for filing objections and the hearing to consider confirmation of the plan. *See* Fed. R. Bankr. P. 2002(b). Bankruptcy Rule 2002(b) does not require specific notice of plan provisions affecting a particular creditor, nor does it require the notice to be served in any particular manner or upon any particular person. "[T]here are many aspects to and actions that may be taken in bankruptcy cases which affect the general administration of the case and all creditors generally, but none specifically." *In re Boykin*, 246 B.R. 825, 828-29 (Bankr. E.D. Va. 2000). Generally, such matters require "notice," but not service of process. *Id.* When the rights of specific parties become an issue, however, service of the initiating motion or objection on the affected party is required. *Id.*; Fed. R. Bankr. P. 7003, 7004. Mailing the proposed plans, the hearing notice, and the confirmation order satisfies the "notice" requirement under Rule 2002, but not the service and summons requirements of Rule 7004.

The process of seeking a discharge without an adversary proceeding to establish undue hardship is called "discharge by declaration." *See In re Evans*, 242 B.R. 407, 413 (Bankr. S.D. Ohio 1999). The number of Debtors seeking to improperly discharge nondischargeable debt increased significantly following the decisions of our sister Circuits in *In re Andersen* and *In re Pardee*. *See id.* (citing cases and noting frustration with the trend). In *In re Andersen*, 179 F.3d 1253, the Tenth Circuit rejected a student loan creditor's post-confirmation attempt to challenge a discharge provision contained in a confirmed Chapter 13 plan. The Debtor's confirmed plan included a provision which purported to discharge the balance of an unpaid student loan. *Id.* at 1254. The creditor failed to object to or appeal the bankruptcy court's confirmation order. *Id.* The Tenth Circuit concluded the debt was discharged by the creditor's failure to challenge the plan during the bankruptcy court proceedings, along with the *res judicata* effect of the confirmed plan and the strong policy favoring the finality of confirmation orders. *Id.* at 1260.

The Ninth Circuit adopted the Tenth Circuit's reasoning in *In re Pardee*, 193 F.3d 1083, holding: "If a creditor fails to protect its inter-

ests by timely objecting to a plan or appealing the confirmation order, it cannot later complain about a certain provision contained in a confirmed plan, even if such a provision is inconsistent with the Code." *Id.* at 1086 (citations omitted). Neither court expressly addressed the due process requirement at issue in this case. Both courts concluded, without discussion, that the notice received by the creditors pursuant to Rule 2002 was sufficient. *See, e.g.*, *Andersen*, 179 F.3d at 1256 n. 6 ("[G]iven the fact that [the creditor] does not complain that it lacked adequate notice of Andersen's plan prior to confirmation, it appears that due process has been accorded.") (citations omitted).

We agree a bankruptcy court confirmation order generally is afforded a preclusive effect.[3] But we cannot defer to such an order if it would result in a denial of due process in violation of the Fifth Amendment to the United States Constitution. *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160, 162 (4th Cir. 1993). Where the Bankruptcy Code and Bankruptcy Rules specify the notice required prior to entry of an order, due process generally entitles a party to receive the notice specified before an order binding the party will be afforded preclusive effect. *See id.* (quoting *Mullane v. Central Hanover Bank and Trust*, 339 U.S. 306, 314 (1950)); *Cen-Pen Corp. v. Hanson (In re Hanson)*, 58 F.3d 89, 93 (4th Cir. 1995).

In *In re Linkous*, the creditor received "notice" pursuant to Rule 2002, but was not served with a summons and motion as required under Rule 7004. *Id.* at 163. We held the notice was insufficient and refused to accord finality to the bankruptcy court's confirmation order. Specifically, we ruled due process entitled the creditor to receive notice of a hearing as provided by the Bankruptcy Rules. *Id.* In *In re Hanson*, we held where an adversary proceeding "is required

---

[3]The Bankruptcy Code provides:

The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a). *See also Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160, 162 (4th Cir. 1993) ("a bankruptcy confirmation order generally is treated as *res judicata*").

to resolve the disputed rights of the parties, the potential defendant has the right to expect that the proper procedures will be followed." 58 F.3d at 93. In *In re Deutchman*, we confirmed that a Debtor's failure to give specific notice of his intent to discharge nondischargeable debts violates the creditor's due process rights and, as a result, the confirmation order discharging the debt will not be given preclusive effect. 192 F.3d at 461.

The district court properly concluded due process entitles a student loan creditor to specific notice of the Debtor's intent to discharge any portion of the debt. Section 523(a)(8) "explicitly precludes the discharge of the Debtor['s] student loan debts absent a showing of undue hardship." *In re Kielisch*, 258 F.3d at 324. The Bankruptcy Code and Rules require Debtors to bring an adversary proceeding to establish undue hardship. Fed. R.Bankr. P. 7001(6). *See also In re Kielisch*, 258 F.3d at 324; *In re Andersen*, 179 F.3d at 1258. Initiation of an adversary proceeding requires a summons and service of process under Rule 7004(b). Fed. R. Bankr. P. 7003, 7004. Banks failed to initiate an adversary proceeding to establish undue hardship. As a result, ECMC did not receive the requisite notice of Banks' intent to discharge post-petition interest on his student loan debts. For lack of adequate notice, the confirmation and discharge orders discharging the interest are not entitled to preclusive effect.[4]

### III.

Banks failed to initiate an adversary proceeding to establish undue hardship as required to discharge student loan debt under the Bankruptcy Code. As a result, the student loan creditor did not receive adequate notice of Banks' intent to discharge post-petition interest on his student loan debts. The provision in Banks' confirmed Chapter 13 plan purporting to discharge the interest violated ECMC's due process rights and is not entitled to preclusive effect. Accordingly, the judgment of the district court is affirmed.

*AFFIRMED*

---

[4]We do not today hold that the Constitution in itself requires a summons and service of process to discharge student loan debt. We merely confirm that where the Bankruptcy Code and Rules require a heightened degree of notice, due process entitles a party to receive such notice before an order binding the party will be afforded preclusive effect.