RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0275p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re:  STEPHANIE RUEHLE,

*Debtor*.

STEPHANIE RUEHLE,

*Plaintiff-Appellant,*

*v.*

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,

*Defendant-Appellee.*

No. 04-3525

On Appeal from the Bankruptcy Appellate Panel
of the Sixth Circuit.
No. 98-62381—Russ Kendig, Bankruptcy Judge.

Submitted:  April 26, 2005

Decided and Filed:  June 23, 2005

Before:  DAUGHTREY and GIBBONS, Circuit Judges; SARGUS, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:**  Donald M. Miller, Sr., Canton, Ohio, for Appellant.  Daniel S. Fisher, St. Paul, Minnesota, for Appellee.

_____

**OPINION**

_____

MARTHA CRAIG DAUGHTREY, Circuit Judge.  This case comes to us from the Bankruptcy Appellate Panel, which affirmed the bankruptcy court's order vacating the discharge under Chapter 13 of debtor Stephanie Ruehle's student loans because she failed to initiate an adversary hearing and establish "undue hardship," as required by 11 U.S.C. § 523(a)(8) and Federal Rule of Bankruptcy Procedure 7001(6).  In response to Educational Credit Management's motion for relief under Federal Rule of Civil Procedure 60(b)(4), filed in the bankruptcy court following the

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

1

debtor's purported "discharge by declaration," Ruehle invoked the provisions of 11 U.S.C. § 1327(a), contending that the confirmed plan was binding and, therefore, that relief was barred by the doctrine of *res judicata*. The bankruptcy court rejected this argument, holding that the discharge had been obtained in violation of the creditor's substantial due process rights and was therefore not merely illegal, but void. The Bankruptcy Appellate Panel affirmed, describing the bankruptcy court's decision as "well-reasoned." We fully agree both with the result and with the Panel's assessment of the bankruptcy court's opinion.

The record indicates that Ruehle had received $17,000 in unsecured student loans from Bank One/Great Lakes Higher Education Corporation in order to attend the University of Akron between 1990 and 1995. In July 1998, she filed a Chapter 13 bankruptcy petition that scheduled only two debts: a secured debt for an automobile lease and the unsecured student loan debt at issue here. The plan that she proposed called for repayment of 5 percent of her student loans over a period of 40 months, at $50.00 a month, and included the following plainly illegal provision that purported to discharge the student loan debt without an adversary proceeding, a process called "discharge by declaration":

> All timely filed and allowed unsecured claims, including the . . . government guaranteed education loans, shall be paid five percent (5%) of each claim, and the balance of each claim shall be discharged. Pursuant to 11 U.S.C. Section 523(a)(8), excepting the aforementioned education loans from discharge will impose an undue hardship on the debtor and the debtor's dependents. Confirmation of debtor's plan shall constitute a finding to that effect and that said debt is dischargeable.

Despite the wording of the discharge, the petition indicated that at the time of filing, Ruehle was 26 years old, single, and had no dependents.

The proposed discharge violated both the Bankruptcy Code, U.S.C. § 523(a)(8), and Federal Rule of Bankruptcy Procedure 7001(6). These provisions require that to justify the discharge of a student loan debt, a debtor must establish undue hardship by filing a complaint for an adversarial hearing and serving the creditor with a summons. *See* Fed. R. Bankr. P. 7003 and 7004. Because that procedure was not followed in this case, the creditor did not file an objection to Ruehle's "discharge by declaration" and, despite the obvious code and rule violations, her Chapter 13 plan was confirmed in October 1998. Ruehle completed all payments under the plan and received a discharge in April 2001.

In the meantime, Ruehle's student loans had been assigned by the original lender to Educational Credit Management Corporation, a "private, non-profit corporation that provides specialized guarantor services to the United States Department of Education within the Federal Family Education Loan Program." In December 2002, Educational Credit filed a motion in the bankruptcy court seeking to vacate the discharge under Federal Rule of Civil Procedure 60(b)(4) and (6), incorporated into bankruptcy practice by Bankruptcy Rule 9024, based on an allegation that Ruehle had violated the creditor's due process rights by failing to institute an adversarial hearing or give the lender proper notice.

In a lengthy and comprehensive opinion, the bankruptcy court granted the motion, specifically citing Rule 60(b)(4), and vacated the discharge order for the student loan debt, finding that "ECMC did not receive due process of law because Debtor failed to institute an adversary proceeding to discharge her student loan debt, [and] therefore, the order discharging the debt is void." *Ruehle v. Educ. Credit Mgmt. Corp. (In re Ruehle)*, 296 B.R. 146 (Bankr. N.D. Ohio 2003). Ruehle promptly appealed, but the Bankruptcy Appellate Panel affirmed the lower court's finding that "ECMC was denied due process by the Debtor's attempted discharge of her student loan through her plan." *Ruehle v. Educ. Credit Mgmt. Corp. (In re Ruehle)*, 307 B.R. 28 (B.A.P. 6th Cir.

2004). Ruehle now brings this timely appeal from the Bankruptcy Appellate Panel's ruling, alleging that her debt discharge must be upheld, even if improperly granted, based on *res judicata.*

Ruehle does not deny that the "discharge by declaration" provisions in her Chapter 13 plan violated the applicable provisions, nor does she dispute the fact that she did not initiate an adversary hearing or serve her creditor with a summons. Instead, she argues that the need for finality trumps the creditor's due process rights, citing two cases from the Ninth and Tenth Circuits, both of which indicate that a confirmed bankruptcy plan may not later be overturned on a Rule 60 motion. *See Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee)*, 193 F.3d 1083 (9th Cir. 1999); *Andersen v. UNIPAC-NEBHELP (In re Andersen)*, 179 F.3d 1253 (10th Cir. 1999). In neither *Pardee* nor *Andersen*, however, did the courts directly address the issue of due process.

The facts in *Andersen*, the first of the two cases, closely parallel those in this case, but with one obvious difference that the bankruptcy court found to be sufficient to distinguish that case from Ruehle's: the creditor filed an objection to Andersen's proposed "discharge by declaration" prior to confirmation. However, the objection was untimely and the bankruptcy court denied it for that reason. The creditor did not appeal the order of confirmation. Andersen completed payments and received a discharge. In the meantime, the creditor's interest had been transferred to Educational Credit, which belatedly attempted to set aside the discharge. The bankruptcy court vacated the discharge, holding that "[l]anguage in a plan does not constitute a judicial determination of hardship." *Andersen*, 179 F.3d at 1255. The Tenth Circuit Bankruptcy Appellate Panel reversed, however, and the Tenth Circuit affirmed that decision, holding that despite Andersen's obvious failure to meet the burden of proving an undue hardship, "confirmation of the plan constitutes a binding adjudication of hardship." *Id.* at 1256. Stressing the importance of a creditor's obligation to protect its own interests and not "simply sit on its rights," the court noted that the creditor had not claimed lack of notice or opportunity to object and assumed that "due process ha[d] been accorded." *Id.* at 1257 n.6.

As the bankruptcy court in this case noted, the facts in *Pardee* differ both from those in *Andersen* and from those on review here. The debtor in *Pardee* proposed to pay off the entire amount of the student loan but not the post-petition interest, which the creditor later attempted to recoup after the discharge had been entered. Holding that the creditor had failed to enter a proper objection and invoking the finality analysis developed in *Andersen*, the Ninth Circuit held that a confirmed plan was "*res judicata* as to all issues that could have or should have been litigated at the confirmation hearing," *Pardee*, 193 F.3d at 1087, and that "a creditor [who] fails to protect its interests by timely objecting to a plan or appealing the confirmation order, . . . 'cannot later complain about a certain provision contained in a confirmed plan, even if such a provision is inconsistent with the Code.'" *Id.* at 1086 (*quoting Andersen*, 179 F.3d at 1258).

This case, unlike *Andersen* and *Pardee*, fails to reflect that the original creditor or its successor, Educational Credit, had reasonable notice of the proposed plan or an opportunity to be heard prior to the confirmation. The bankruptcy court properly held that under these circumstances, the challenge to the validity of the confirmation order was properly brought under Rule 60(b)(4), which permits relief from judgment when that judgment is void, rather than the catch-all provision in 60 (b)(6). In discussing the Ninth and Tenth Circuit decisions, the bankruptcy judge noted that subsequent cases have rejected application of *res judicata* in cases in which the debtor has attempted to effect a "discharge by declaration" and have uniformly criticized *Andersen* and *Pardee* for failing to recognize the due process issue underlying the requirements of notice and an adversary hearing in Federal Rule of Bankruptcy Procedure 7001(6) and 11 U.S.C. § 523(a)(8).

Foremost among the subsequent cases is *Banks v. Sallie Mae Servicing Corp. (In re Banks)*, 299 F.3d 296 (4th Cir. 2002). There, the Fourth Circuit dealt with a case in which the debtor had attempted to effect a "discharge by declaration" of the kind inserted into the Ruehle plan, without

filing an adversary proceeding, issuing a summons, or achieving service of process. The court held that notice to the creditor of the plan's confirmation was sufficient to satisfy the notice requirement of Bankruptcy Rule 2002, but not the summons requirements of Rule 7004. Recently, the Seventh Circuit has explicitly adopted the holding in *Banks* that "where the Bankruptcy Code and Bankruptcy Rules require a heightened degree of notice, due process entitles a party to receive such notice before an order binding the party will be afforded preclusive effect." *Hanson v. Educ. Credit Mgmt. Corp. (In re Hanson)*, 397 F.3d 482, 487 (7th Cir. 2005) (quoting *Banks*, 299 F.3d at 302). The situation in *Hanson* was very similar to the one in the case at hand. Hanson's discharge order erroneously discharged his student loan debt without any showing of undue hardship or any initiation of an adversary proceeding. *Id.* at 483-84. Although the creditor, Educational Credit, did not challenge the discharge until almost six *years* later, the Seventh Circuit affirmed the bankruptcy court's decision to vacate the discharge order.

Moreover, as the *Hanson* court noted, even the Ninth and Tenth Circuits appear to be backing away from, or at least narrowly cabining, their holdings in *Pardee* and *Andersen*. The Ninth Circuit Bankruptcy Appellate Panel has recently noted that the majority in *Pardee* "ignored the [due process issue] and nobody pursued the issue at the court of appeals." *Educ. Credit Mgmt. Corp. v. Repp (In re Repp)*, 307 B.R. 144, 149 n.4 (B.A.P. 9th Cir. 2004). Reviewing a situation factually very similar to Ruehle's, the *Repp* court explicitly agreed with the Fourth Circuit's *Banks* analysis and joined "an emerging consensus" that an illegal "discharge by declaration" provision violates the creditor's due process. *Id.* at 154. Likewise, in *Poland v. Education Credit Management Corporation (In re Poland)*, 382 F.3d 1185, 1189 n.2 (10th Cir. 2004), the Tenth Circuit directly criticized its previous holding in *Andersen*, stating:

> The panel is of the view that *Andersen* was wrongly decided and should be reconsidered. The unfortunate result of *Andersen* is that astute attorneys now insert student loan discharge language (after today, complete with a finding of undue hardship) into Chapter 13 plans hoping to achieve preclusive effect, notwithstanding: (1) Bankruptcy Code § 528(a)(8) explicitly precludes the discharge of a debtor's student loan absent a showing of undue hardship, (2) Bankruptcy Rules specifically require a successful adversary proceeding, complete with individualized service of process, to establish undue hardship and discharge a student loan, and (3) lack of required notice under the Bankruptcy Rules proscribes preclusive effect. *See In re Banks,* 299 F.3d 296, 300-303 (4th Cir. 2002).

The reaction of the bankruptcy courts dealing with this issue has been similar. *See*, *e.g.*, *In re Lemons*, 285 B.R. 327, 331 (Bankr. W.D. Okla. 2002) ("This court agrees with the numerous courts that characterize *Andersen* as a *res judicata* case, and further agrees with the *Banks* court that the *Andersen* court failed to address the due process requirement.")

We conclude that the decisions in *Banks* and *Hanson* represent an evolving majority view that a purported "discharge by declaration" of student loan debt is not only invalid but void and, therefore, subject to being set aside upon a Rule 60(b)(4) motion. In electing to adopt both the reasoning and the holding set out in those opinions, we also echo the bankruptcy court's astute analysis in this case:

> The [finality analysis in *Andersen* and *Pardee*] embodies many of the dangers inherent in winking at due process, which is the cornerstone of justice. First, it ignores the clear intent of Congress and the Judicial Conference in favor of individual judicial legislation. Congress, in the Code, and the Judicial Conference, in the rules, require an adversary proceeding. Second, it enriches and emboldens those who take what is not theirs and legitimizes it with court sanction. Those who push past the edge of propriety in fundamental rights are rewarded.

Third, the majority rule violates the entitlement to certainty and consistency and the benefits resulting therefrom, not the least of which is the economic efficiency of being able to plan. A clear rule set forth in the Code and Rules allows for a simple process. Student loan lenders, who receive tidal waves of mail, can easily prioritize. If it is an adversary proceeding and has a summons, then it is identified for immediate action. The quantity of "notice" that is issued by the bankruptcy system is so overwhelming that it is necessary to have clear rules in order for creditors to know what notices to notice as opposed to the notices that are deafening legal background noise. The Code and the Rules set forth those clear standards and it is up to the courts to ensure that the lines are not blurred.

Fourth, the issue strikes at the core of American legal values. "The history of American freedom, is in no small measure, the history of procedure." *Malinski v. New York*, 324 U.S. 401, 414 (1945) (opinion of Frankfurter, J.). That quote doesn't just sound good. It's true. Every person and entity is entitled to the prescribed level of notice for the process to be due and only thereafter may the coercive power of the government be used against them. Imagine an analogous situation. Assume that a plaintiff files a motion instead of a complaint in United States District Court. The motion demands something, money or a declaratory judgment. Plaintiff obtains no summons and mails the motion via ordinary mail. The court, in the crush of business, erroneously enters an order of default after the purported defendant fails to answer. Years later, defendant discovers that plaintiff has an order that plaintiff owns defendant's house or that defendant "owes" plaintiff $2,000,000.

Years later, the court would not hesitate to set aside such an order. Due process demands a complaint and a summons. The rule is clear. The rule is no less clear with regard to student loans, and so, we must not engage in complex rationalizing to dignify a denial of fundamental rights.

*In re Ruehle*, 296 B.R. at 164-65.

In the end, wrote the bankruptcy judge, "Due process is not to be sliced, diced and disguised with sauce. Due process must be served whole, without garnish." *Id.* At 165. We agree, and we therefore AFFIRM the judgments of the bankruptcy court and the Bankruptcy Appellate Panel.