O’BRIEN, Circuit Judge, dissenting.
The majority has assembled an impressive list of cases concluding a Chapter 13 debtor has the capacity to sue on behalf of the bankruptcy estate without court supervision. (Majority Op. at 1081-82.) Perhaps it is shoveling sand against the tide, but I *1083 think we should do more than find and follow non-binding cases. Such decisions are appealing only to the extent of their power to persuade.[1] I am not persuaded and, thus, dissent.
The common thread in the cases cited by the majority reveals two bases for concluding a Chapter 13 debtor has capacity to sue: legislative history and Rule 6009 of the Federal Rules of Bankruptcy Procedure. But the legislative history is utterly at odds with statutory text and the Rule 6009 rationale is more legerdemain than reason. This result is contrary to the plain language of the bankruptcy code and is not sanctioned by bankruptcy rules. And giving a Chapter 13 debtor an expansive right to self help, independent of and untethered to oversight by the bankruptcy court, is unwarranted and unwise.
A. Legislative History
All seem to agree on one thing — the bankruptcy code does not expressly give a Chapter 13 debtor capacity to sue in her own name as a representative of the estate. That should end the debate, but the cases cited by the majority have read such a provision into the bankruptcy code, implementing, they say, congressional intent. Doing so ignores the preeminent canon of statutory construction — we “presume that a legislature says in a statute what it means and means in a statute what it says there.” Conn. Nat’l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Are first principles best honored in their breach? It is perverse logic to conclude Congress meant what it did not say.[2]
“When the words of a statute are unambiguous ... this first canon is also the last: judicial inquiry is complete.” Id. at 254, 112 S.Ct. 1146 (quotations omitted). The claim here is not that the statutory text is ambiguous, but that Congressional silence adds meaning to what was not said. How, with no text, does one divine sub silentio meaning; by reference to structure, context or related statutory provisions?[3] No; the majority retreats to legislative history of the most dubious kind!
The source of the supposed congressional “intent” comes from statements made by House and Senate floor managers, who conceded the statute does not give a Chapter 13 debtor capacity to sue but, nevertheless, said Congress intended that result. (Majority Op. at 1081-82.) Classic ipse dix-it. That 2 of the 535 members of Congress speak for the body is contrary to another accepted canon of statutory construction; statutory language, not embellishments by individual legislators, controls. See Chrysler Corp. v. Brown, 441 U.S. 281, 311, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979) (“The remarks of a single legislator, even the sponsor, are not controlling in analyzing legislative history.”). Legislative his *1084 tory might in some instances inform the statutory construction debate. This is not such an instance. If it were, the history we have is worthless.
B. Bankruptcy Rule 6009
A debtor’s potential causes of action become the property of the bankruptcy estate, along with all of her other assets, when a Chapter 13 petition is filed. See 11 U.S.C. § 541(a)(1). The bankruptcy trustee, as representative of the estate, is expressly given the capacity to pursue such causes of action by suit on behalf of the estate. See 11 U.S.C. § 323(a), (b).[4] The only other entity given such power is a “debtor in possession.” Bankruptcy Rule 6009 provides: “With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.” (Emphasis added). Cases cited by the majority have seized upon the “debtor in possession” language to imply[5] a capacity to sue by a Chapter 13 debtor. But a Chapter 13 debtor is not a “debtor in possession.”
The term “debtor in possession” is a term of art with limited applicability. It is defined and used in Chapter 11 (reorganization). See, e.g., 11 U.S.C. §§ 1101, 1105, 1107. It is also used in Chapter 12 (family farmer or fisherman with regular income). See 11 U.S.C. §§ 1202-04. Notably it is not mentioned in Chapter 13 (individuals with regular income) or Chapter 7 (liquidation).
The defining statute provides: “In this chapter [Chapter 11 ] — (1) ‘debtor in possession’ means debtor except when a person that has qualified under section 322 of this title is serving as trustee in the case.” 11 U.S.C. § 1101(1) (emphasis added).[6] From that language two things are clear: 1) the definition applies to Chapter 11 cases, but not to Chapter 13 eases, and 2) even where the definition applies there is an exception — there can be no “debtor in possession” when a trustee has been appointed. Typically there is no trustee in a Chapter 11 case.[7] 11 U.S.C. § 1104-05; 7 CollieR On Bankruptcy ¶ 1100.06[1]. A *1085 trustee is always appointed in a Chapter IS case. 11 U.S.C. § 1302(a); 1 CollieR On BANKRUPTCY ¶ 1.03[6]. Even if the definition were to be extended to Chapter 13 cases, its applicability is swallowed by the exception.
Form follows function. A Chapter 13 case (individual with regular income) does not present a circumstance beyond the ken of a trustee. On the other hand, a trustee is not familiar with and perhaps less equipped to run a business (including a farming or fishing business) than the business debtor. So the debtor is permitted to continue to operate the business as a “debtor in possession” (but under court supervision and with fiduciary obligations to the court and creditors) with the goal of emerging from the process as a going concern. Purpose thus drives the rights a “debtor in possession” has been permitted under Chapters 11 and 12. Such a debtor may “prosecute any action ... in behalf of the estate before any tribunal.” Fed. R. Bankr.P. 6009. A “debtor in possession,” with limited exceptions, retains all the rights and duties of a trustee. See 11 U.S.C. § § 1107(a), 1203. In this capacity, the “debtor in possession” has fiduciary responsibilities to his creditors and is administratively supervised by the United States Trustee. See In re Americana Expressways, Inc., 133 F.3d 752, 756 (10th Cir.1997). Additionally, a committee of creditors in a Chapter 11 case is assembled to ensure the creditors’ interests are adequately represented. See 11 U.S.C. §§ 1102,1103.
A Chapter 11 “debtor in possession” is unlike a Chapter 13 debtor who merely “remain[s] in possession” of all property of the estate. 11 U.S.C. § 1306(b).[8] In a Chapter 13 case the trustee is the principle administrator of the estate serving “the interests of all creditors primarily by collecting payments from debtors and disbursing them to creditors.” In re Maddox, 15 F.3d 1347, 1355 (5th Cir.1994). 11 U.S.C. § 1302 “grants the [CJhapter 13 trustee various powers to ensure that such collections and disbursements occur equitably, according to the dictates of Congress.” Id. The Chapter 13 debtor is limited to enumerated rights exclusive of the trustee under 11 U.S.C. § 1303, namely court supervised rights to use, sell or lease property of the estate. See 11 U.S.C. § 363(b),(d)-©, (l); see also 11 U.S.C. § 102(1); Fed. R. Bankr.P.2002. The practical differences in administering Chapter 11 and 12 cases on the one hand and Chapter 13 cases on the other hand are important because they explain why the statute limits “debtor in possession” to Chapter 11 and Chapter 12 cases.
C. Policy
Allowing a Chapter 13 debtor an unsupervised self help remedy may be visited by unintended consequences, even abuse. In Andersen v. UNIPAC-NEBHELP (In re Andersen), we allowed a student to establish “undue hardship” for purposes of 11 U.S.C. 523(a)(8) by simply submitting language in a proposed Chapter 13 plan, despite the fact Rule 7001(6) of the Federal Rules of Bankruptcy Procedure required debtors to prove undue hardship in an adversary proceeding. 179 F.3d 1253 (10th Cir.1999). This unfortunate practice, known as “discharge-by-declaration,” was *1086 allowed in this circuit for several years. Other circuits recognized the problem and refused to adopt the Andersen holding. See Whelton v. Educ. Credit Mgmt. Corp., 432 F.3d 150 (2d Cir.2005); In re Ruehle, 412 F.3d 679 (6th Cir.2005); In re Hanson, 397 F.3d 482 (7th Cir.2005); In re Banks, 299 F.3d 296 (4th Cir.2002). We finally arrested the abuse in an en banc opinion. In re Mersmann, 505 F.3d 1033 (10th Cir. 2007) (en banc). This case has all the earmarks of another Andersen. If Congress determines the risk of unsupervised self help litigation by Chapter 13 debtors is justified by offsetting benefits it should say so. Judges are ill equipped to make such a policy determination.

. Gravitas, dignitas, pistas.

. The only thing we know for certain both Houses of Congress (and the President, if he signed the legislation) agreed upon is the text. Legislative history can never produce a “pel-lucidly clear” picture ... of what a law was "intended” to mean, for the simple reason that it is never voted upon-or ordinarily even seen or heard-by the "intending” lawgiving entity, which consists of both Houses of Congress and the President (if he did not veto the bill). Thus, what judges believe Congress "meant” (apart from the text) has a disturbing but entirely unsurprising tendency to be whatever judges think Congress must have meant, i.e., should have meant.
Zuni Pub. Sch. Dist. No. 89 v. Dep’t of Educ., - U.S. -, 127 S.Ct. 1534, 1556, 167 L.Ed.2d 449 (2007) (Scalia, J., dissenting) (citations omitted).

. "[T]o determine the scope of ... § 1367, ... we must examine the statute’s text in light of context, structure, and related statutory provisions.” Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).

. The bankruptcy code specifically applies § 323 to cases under Chapter 13. See 11 U.S.C. § 103(a).

. When the statutory text is barren one need only reach into the judicial tool box for a good pair of "impliers.”

. The Federal Rules of Bankruptcy Procedure use this same definition. See Fed. R. Bankr.P. 9001 ("The definitions of words and phrases in ... § 1101 ... govern their use in these rules.”). The bankruptcy code makes clear the definition found in § 1101 applies to cases under Chapter 11 not Chapter 13. See 11 U.S.C. § 103(g) (“Except as provided in [11 U.S.C. § 901], [11 U.S.C. § § 1101 through 1146] apply only in a case under [Chapter 11].”); 11 U.S.C. § 103(i) ("Chapter 13 of this title applies only in a case under such chapter.”); see also Black's Law Dictionary 412 (7th ed.1999) (defining "debtor in possession” in the bankruptcy context as “[a] Chapter 11 or 12 debtor that continues to operate its business as a fiduciary to the bankruptcy estate.”).

.The bankruptcy court can, for good cause or if in the interests of creditors, require a trustee be appointed in a Chapter 11 case. 11 U.S.C. § 1104(a). For example, in In re Lowenschuss, the Ninth Circuit affirmed the appointment of a trustee for cause under § 1104(a) based upon the debtor in possession's prepetition transfer of assets from Pennsylvania to Nevada and his moving from Pennsylvania to Nevada to avoid the jurisdiction of Pennsylvania. 171 F.3d 673, 685 (9th Cir.1999). The United States Trustee is the appointing authority, but may not serve as the Chapter 11 Trustee. 11 U.S.C. § 1104(d). The United States Trustee exercises administrative authority and general oversight in Chapter 11 cases. 1 Collier On Bankruptcy ¶ 6.01 [l][c], [4][b].

. 11 U.S.C. § 1327(b) provides: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.” Whether that provision is sufficient to give a Chapter 13 debtor the capacity to sue post plan is an open question. But it does not impact this case because Smith’s plan was never confirmed. See In re Smith, Case No. 05-26930 (Bankr.W.D.Okla.2005) (Doc. No. 32 filed May 19, 2006) ("It is therefore ordered that confirmation is denied and the case is dismissed with prejudice....”).