# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1084

_____

| | | |
|---|---|---|
| Alvin L. Baldwin, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the Bankruptcy |
| v. | * | Appellate Panel for the Eighth |
| | * | Circuit. |
| Credit Based Asset Servicing and | * | |
| Securitization, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 18, 2007
Filed: February 25, 2008

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Alvin Leroy Baldwin, debtor, appeals the Bankruptcy Appellate Panel's denial of his motion to rescind the bankruptcy court's dismissal of his Chapter 13 case. Having jurisdiction under 28 U.S.C. § 158(d)(1), this court reverses and remands.

Since 1996, Baldwin has filed eight Chapter 13 bankruptcy cases, all of which were dismissed before confirmation of a plan. After four of the filings, in May 2002, Baldwin and the predecessor of Credit Based Asset Servicing and Securitization (CBASS) entered into a home loan. After the dismissal of his sixth Chapter 13 case, CBASS scheduled a foreclosure sale for March 24, 2005. That day Baldwin filed a

Chapter 13 petition, which was dismissed two months later. CBASS scheduled another foreclosure sale for July 14, which was canceled when the parties reached a workout agreement. Baldwin defaulted. CBASS scheduled a third foreclosure sale for March 2, 2006. Baldwin filed his eighth Chapter 13 case on February 23. CBASS postponed the foreclosure sale to March 9. On March 3, CBASS moved to expedite and to dismiss, or in the alternative, for relief from the automatic stay. The attorney's "Certificate of Service" to the motion states that "a copy of this document was either electronically mailed or forwarded first-class regular mail March 3, 2006 to . . . Alvin Leroy Baldwin."

The bankruptcy court set a hearing on CBASS's motion at 9:00 a.m. on March 9. When the case was called, CBASS orally informed the court that personal service was obtained on March 7 (no affidavit or other evidence regarding service appears in the record). CBASS told the court that "mailed copies would have also gone out of my office on March the 3rd." Because Baldwin was not present, the bankruptcy court moved the case to the end of the morning docket. When the case was called at 10:38 a.m., Baldwin was not present. No evidence was presented. After hearing from CBASS, the bankruptcy court adopted the first eleven allegations of CBASS's motion as its findings of fact, including that the case was filed solely to hinder, delay, and frustrate creditors, and thus not in good faith. The court, "after notice and hearing," dismissed the case, barred Baldwin from refiling for 180 days, and denied (as moot) the motion for relief from the stay. CBASS conducted the foreclosure sale at about 11:00 a.m., selling the property to a third party.

At 12:34 p.m., Baldwin pro se filed a motion objecting to the expedited hearing and requesting rescission of the sale. He alleged, "I have not been served in person since I have not been home in months. I have been out of town on business." Further, he said that he "just received this notice today March 10, 2006, at 10:45 a.m. by United States mail at my residence." No affidavits were attached to the motion, which was not verified. Baldwin did attach a copy of the envelope, which is correctly

addressed but has no discernible postage date. On March 15, the bankruptcy court denied Baldwin's motion as moot because the "motion was not filed until after the hearing was held" (by a form entry on the face of the motion).

On March 23, 2006, Baldwin filed another pro se motion requesting reinstatement of the Chapter 13 case and rescission of the sale, due to inadequate notice. In this motion, Baldwin alleged that the mailed notice arrived at his residence at 10:30 a.m. on March 9. Again, no affidavits were attached to the motion, which was not verified. On March 28, the bankruptcy court denied that motion because it was "filed more than ten days from date of dismissal" (by a form entry on the face of the motion). *See* **Fed. R. Bankr. P. 9023**; **Fed. R. Civ. P. 59(e)**.

Baldwin appealed to the BAP, which agreed that the March 9 filing was untimely and therefore did not consider it. However, in contrast to the bankruptcy court, the BAP characterized Baldwin's March 23 filing as a motion under Federal Rule of Civil Procedure 60(b)(4). *See* **Fed. R. Bankr. P. 9024**. Rule 60(b)(4) motions are not subject to a ten-day limitation like that applied by the bankruptcy court. *See* **Fed. R. Civ. P. 60(c)(1)**. The BAP limited its consideration to whether the bankruptcy court should have vacated the dismissal order due to a lack of due process. The BAP held that the mailed notice was reasonable and appropriate under the circumstances of the case and thus satisfied due process. In reaching this conclusion, the BAP presumed that CBASS mailed notice on March 3 and attempted to personally serve Baldwin. Baldwin appeals.

This court, applying the same standard as the BAP, reviews "the bankruptcy court's findings of fact for clear error and its conclusions of law de novo." *In re Papio Keno Club, Inc.*, 262 F.3d 725, 728-29 (8th Cir. 2001). "If we conclude that the bankruptcy court's findings are silent or ambiguous as to an outcome determinative fact question, we may not make our own findings but must remand the

case to the bankruptcy court for the necessary factual determination." ***Sholdan v. Dietz***, 108 F.3d 886, 888 (8th Cir. 1997).

Rule 60(b)(4) provides that a court may relieve a party from a final judgment if it is void. **Fed. R. Civ. P. 60(b)(4)**. "A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process." ***Kessler v. Crichton***, 221 F.3d 1342, 1342 (8th Cir. 2000) (unpublished; per curiam). *See also* ***Chambers v. Armontrout***, 16 F.3d 257, 260 (8th Cir. 1994). "[R]elief from a void judgment pursuant to Rule 60(b)(4) is not discretionary." ***Hunter v. Underwood***, 362 F.3d 468, 475 (8th Cir. 2004) (internal citations omitted).

The Due Process Clause of the Fifth Amendment requires that, before property can be taken, notice and an opportunity for a hearing be provided. ***Mullane v. Cent. Hanover Bank & Trust Co.***, 339 U.S. 306, 313 (1950). In general, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314. The Due Process Clause does not require that an interested party actually receive notice. ***Crum v. Vincent***, 493 F.3d 988, 993 (8th Cir. 2007).

"Where the Bankruptcy Code and Bankruptcy Rules specify the notice required prior to entry of an order, due process generally entitles a party to receive the notice specified before an order binding the party will be afforded preclusive effect." ***In re Banks***, 299 F.3d 296, 302 (4th Cir. 2002). *See also* ***In re Ruehle***, 412 F.3d 679, 683-84 (6th Cir. 2005); ***In re Hanson***, 397 F.3d 482, 485-86 (7th Cir. 2005). Under bankruptcy law, a court can dismiss a Chapter 13 case only after notice and a hearing, which means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." **11 U.S.C. §§ 102(1)(A), 1307(c)**. This bankruptcy court's local rule provides: "When a motion is heard on an expedited or emergency basis . . . the motion and notice of hearing must be served as expeditiously as possible (e.g. by personal service or

-4-

electronic means) upon opposing counsel or upon the opposing party if not represented by counsel, and any other necessary parties." **Bankr. E.D. Mo. R. 9060-1(C)**, *citing* **Bankr. E.D. Mo. R. 9013-2**.

In the present case, the bankruptcy court denied Baldwin's March 23 motion because it was filed more than ten days after dismissal. A Rule 60(b)(4) motion must be made within a reasonable time, not necessarily within ten days. *See* **Fed. R. Civ. P. 60(c)(1)**. Clearly, the bankruptcy court did not view this motion as one under Rule 60(b)(4). True, Baldwin did not label his motion by referencing any particular rule of civil procedure. *See* ***Sanders v. Clemco Indus.***, 862 F.2d 161, 164-65, 168-69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)). Pro se motions are, however, to be construed liberally. *See* ***Stone v. Harry***, 364 F.3d 912, 915 (8th Cir. 2004); ***Miller v. Norris***, 247 F.3d 736, 739 (8th Cir. 2001).

In his March 23 motion, Baldwin alleges:

> Movant was required by L.B.R. 9013-2, to have served the Motion for Expedited Hearing by personal service or electronic means upon the opposing counsel or upon the opposing party if not represented by counsel. Debtor was never served in person or electronically.

Baldwin conspicuously alleged on the first page of that motion that "he did not receive proper notice of hearing." *See* ***Spinar v. South Dakota Bd. of Regents***, 796 F.2d 1060, 1062 (8th Cir. 1986) (characterization of unlabeled motion for reconsideration depends to some extent on the substance of the motion). Constitutionally defective notice would render the underlying judgment void. *See* ***Kessler***, 221 F.3d at 1342; ***In re Hairopoulos***, 118 F.3d 1240, 1246 (8th Cir. 1997). The bankruptcy court should have characterized the March 23 motion as a Rule 60(b)(4) motion and therefore erred in denying it for untimeliness.

The issue then becomes whether the error was harmless, based on the facts of the case. *See **In re Interco, Inc.***, 186 F.3d 1032, 1034 (8th Cir. 1999) (even if earlier notice were required by bankruptcy rule, due process was not violated by the notice that debtor in fact received); ***In re New Concept Housing, Inc.***, 951 F.2d 932, 937-39 (8th Cir. 1991) (applying harmless error analysis to violations of bankruptcy notice requirements). Based on the record facts, even if the bankruptcy court had properly characterized the motion as under Rule 60(b)(4), this court cannot determine whether the bankruptcy court would have denied the motion (by finding that CBASS complied with constitutional notice requirements). At the expedited hearing, the bankruptcy court received no evidence and then adopted facts that do not mention notice. The bankruptcy court dismissed Baldwin's March 23 motion as untimely without any fact-finding. As a result, the only agreed fact regarding notice is that CBASS's counsel mailed an envelope to Baldwin (which does not contain a discernible postage date). All other information regarding notice is from allegations by CBASS's counsel or Baldwin. The fact that notice was mailed at some point is not sufficient for this court to determine whether notice satisfied due process, and consequently whether the bankruptcy court's error was harmless.

The denial of the March 23 motion is reversed, and the case remanded to the bankruptcy court for further proceedings consistent with this opinion.

_____