# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1728

_____

Robert Belt,

        Appellant,

v.

Michelle Boyd, Warden, Minnehaha
County Jail; Helen Kellen; June Odens;
Lt. Devlin; Sgt. Arntz; C.O. Carlson;
Randy DeRaad, Med Staff, all in their
official and individual capacities,

        Appellees.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of South Dakota.

[UNPUBLISHED]

_____

Submitted: May 16, 2008
Filed: May 20, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Federal inmate Robert Belt appeals the district court's[1] denial of relief under Federal Rule of Civil Procedure 60(b) following the adverse grant of summary judgment in his civil rights action. While Belt did not specify a listed ground for relief, it appears he was asserting that the judgment was void under Rule 60(b)(4).

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

See <u>Baldwin v. Credit Based Asset Servicing & Securitization</u>, 516 F.3d 734, 737 (8th Cir. 2008) (judgment is void if, inter alia, rendering court lacked jurisdiction); <u>Hunter v. Underwood</u>, 362 F.3d 468, 475 (8th Cir. 2004) (Rule 60(b) relief is extraordinary remedy that lies within discretion of trial court, but relief from void judgment under Rule 60(b)(4) is not discretionary).  We conclude, for the reasons stated by the district court, that the judgment was not void.  <u>See</u> <u>Hunter</u>, 362 F.3d at 475 (Rule 60(b)(4) motion based on lack of subject matter jurisdiction will succeed only if absence of jurisdiction was so obvious as to constitute total lack of jurisdiction or plain usurpation of power so that judgment was void at its inception; noting appellant did not appeal decision from which she sought Rule 60(b) relief, and instead employed motion as substitute for appeal that she never filed).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____