In re Toni Susan OTTO, a/k/a Toni Susan Steinke, Debtor.

USAA Federal Savings Bank, Plaintiff,

v.

Toni Susan Otto, a/k/a Toni Susan Steinke, Defendant.

Bankruptcy No. 05–35145.
Adversary No. 05–3325.

United States Bankruptcy Court,
D. Minnesota.

Aug. 11, 2009.

---

**6.** In this case, at this time, the Debtor's employer was instructed to remit $1,300.00 each month.

David Jon Hoiland, Hoiland Law Office, Minneapolis, MN, for Plaintiff.

Samuel J. Glover & Associates, LLC, Minneapolis, MN, for Defendant.

### ORDER DENYING MOTION
### TO VACATE

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on the defendant-debtor's motions to re-open

the adversary proceeding and to vacate the default judgment entered in the case several years ago. Samuel Glover appeared on behalf of the defendant-debtor, Toni Otto. David Hoiland appeared on behalf of the plaintiff, USAA Federal Savings Bank.

At the conclusion of the hearing, the Court re-opened the adversary proceeding for purposes of determination of the motion to vacate default judgment, and took the matter under advisement. Being now fully advised, the Court makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I. FACTUAL BACKGROUND

The debtor, Toni Susan Otto, filed a bankruptcy petition under Chapter 7 on July 26, 2005. In her schedules, Otto listed a second mortgage in the amount of $71,012 in favor of USAA Federal Savings Bank on her homestead property where she lived at the time of filing. The property was in foreclosure, and she vacated the premises in September 2005, moving into her father's home.

At the meeting of creditors on September 1, 2005, Otto provided her change of address to her bankruptcy counsel, and assumed that her bankruptcy attorney would submit the change of address to the Court to update the record in her bankruptcy case. No change of address was filed.

In late September or early October, 2005, Otto successfully reported her change of address to the insurance division of the plaintiff, USAA Federal Savings Bank, for purposes of maintaining her automobile policy with USAA.

On November 4, 2005, USAA served the summons and complaint in this adversary proceeding by mail to Otto at the address listed on her petition. Otto purportedly never received it, either from USAA or from her bankruptcy counsel, who was also served. She apparently first learned of this matter in May 2006, when she received a letter from a law firm reporting that it had docketed judgment in Scott County District Court. Default judgment had been entered by this Court in favor of USAA on January 17, 2006.

Otto contacted her bankruptcy counsel, who allegedly informed her that he did not provide "follow up" representation, and that in any event her debt to USAA was discharged and that she need not worry about it. Counsel was, however, served with the pleadings in this adversary proceeding.

Concerned, Otto contacted other attorneys for guidance, including the Volunteer Lawyers Network and the Dakota County lawyer referral service, but no attorney with whom she consulted suggested any remedy or filing a motion to set aside the judgment, until so advised in March 2009 by the Office of the Minnesota Attorney General.[1] Shortly thereafter, Otto retained counsel for purposes of addressing the judgment.

Otto now requests that the Court vacate the default judgment pursuant to Fed. R.Civ.P. 60. USAA objects, claiming it was Otto's responsibility to update her current address with Court and because too long has passed since the judgment was entered.

## II. DISCUSSION

▆ "A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process." See *Baldwin v. Credit Based Asset Servic-*

---

1. One attorney purportedly advised the debtor to "hide out" for a while, until the judgment "fell off."

*ing and Securitization,* 516 F.3d 734, 737 (8th Cir.2008), citing *Kessler v. Crichton,* 221 F.3d 1342, 1342 (8th Cir.2000) (unpublished; per curiam); see also *Chambers v. Armontrout,* 16 F.3d 257, 260 (8th Cir. 1994). "[R]elief from a void judgment pursuant to Rule 60(b)(4) is not discretionary." *Baldwin,* 516 F.3d at 737, citing *Hunter v. Underwood,* 362 F.3d 468, 475 (8th Cir. 2004) (internal citations omitted).

Fed.R.Civ.P. Rule 60, applicable in bankruptcy cases pursuant to Fed. R. Bankr.P. 9024, provides, in pertinent part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

  (1) mistake, inadvertence, surprise, or excusable neglect;

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  (4) the judgment is void;

  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

  (1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

See Fed.R.Civ.P. 60; Fed. R. Bankr.P. 9024.

To the extent that the present motion is brought pursuant to Rule 60(b)(1), the issue is time barred by operation of the one year limit imposed by Rule 60(c)(1). The Court will therefore determine the motion as it arises under Rule 60(b)(4).

■■■ "The decision to grant relief under F.R.Civ.P. 60(b) is generally within the sound discretion of the court." See *In re Rice,* 42 B.R. 838, 842 (Bankr.D.S.D.1984), citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2857 (1973); *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 223 (10th Cir.1979). "Motions that allege that a judgment or order is void, however, if substantiated, are not discretionary but mandatory." Rice, 42 B.R. at 842, citing *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d at 224 nn. 7, 8. "The concept of setting aside judgments should be construed narrowly in the interest of finality." *Rice,* 42 B.R. at 842, citing *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d at 225.

■■ "It is well settled that a judgment or order entered by a court without jurisdiction or in a manner inconsistent with due process is void." See *Rice,* 42 B.R. at 842, citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862 (1973); *Lohman v. General Am. Life Ins. Co.,* 478 F.2d 719 (8th Cir.1973), cert. denied, 414 U.S. 857, 94 S.Ct. 162, 38 L.Ed.2d 107; *Simer v. Rios,* 661 F.2d 655, 663 (7th Cir.1981), cert. denied, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177.

In *Baldwin,* the Eighth Circuit Court of Appeals noted:

The Due Process Clause of the Fifth Amendment requires that, before property can be taken, notice and an opportunity for a hearing be provided. *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94

L.Ed. 865 (1950). In general, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. The Due Process Clause does not require that an interested party actually receive notice. *Crum v. Vincent,* 493 F.3d 988, 993 (8th Cir.2007).

"Where the Bankruptcy Code and Bankruptcy Rules specify the notice required prior to entry of an order, due process generally entitles a party to receive the notice specified before an order binding the party will be afforded preclusive effect." *In re Banks,* 299 F.3d 296, 302 (4th Cir.2002). See also *In re Ruehle,* 412 F.3d 679, 683–84 (6th Cir.2005); *In re Hanson,* 397 F.3d 482, 485–86 (7th Cir.2005).

See *Baldwin,* 516 F.3d at 737.

Fed. R. Bankr.P. 7004 provides, in relevant part:

(b) Service by first class mail: Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:

(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing.

See Fed. R. Bankr.P. 7004.

Local Rule 4002–1 provides:

The debtor shall immediately file a change of address whenever the debtor's mailing address is changed or needs correction. The mailing address of the debtor stated in a voluntary petition shall be the address for service by mail of any document upon the debtor unless the debtor files such change of address.

"An essential element of justice is notice of suit and opportunity to be heard." See *In re Clark,* 2007 WL 627451 (Bankr. S.D.Iowa 2007), citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 318, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The Eighth Circuit Bankruptcy Appellate Panel has considered due process in the bankruptcy environment.

The Due Process Clause of the Fifth Amendment provides that no one shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The due process requirement is satisfied where a party is provided with "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Where notices are sent to the address last listed by the debtor, in documents filed with the court, as his mailing address, due process is satisfied. See *Bak v. Vincze (In re Vincze),* 230 F.3d 297, 298 (7th Cir. 2000) (per curiam); *DeVore v. Marshack (In re DeVore),* 223 B.R. 193, 196–97 (9th Cir.BAP1998); *Green Tree Fin. Srv. Corp. v. Karbel (In re Karbel),* 220 B.R. 108, 112–113 (10th Cir. BAP 1998) (and cases cited therein).

See *In re Davis,* 275 B.R. 864, 866–867 (8th Cir. BAP 2002); see also *In re Villarreal,* 304 B.R. 882 (8th Cir. BAP 2004); *In re DeVore,* 223 B.R. 193, 196–197 (9th Cir. BAP 1998) (creditor who failed to keep the debtor apprised of changes in her mailing address was herself to blame for not receiving notice of the claims bar date).

 Otto concedes that the record in her bankruptcy case was not timely updated to reflect her proper mailing address. That she informed her bankruptcy counsel at the § 341 meeting of creditors of her new address is not sufficient to sustain the debtor's obligation to maintain an up to date address on file with the Bankruptcy Court. The law is well settled in this Circuit that notice is adequate and due process satisfied where the plaintiff has served the pleadings to the debtor at the address on file in the case.

While Otto reported her change of address to USAA a few weeks prior to the time it filed and served the summons and complaint, she submitted the change of address to the vehicle insurance department, not to the mortgage loss mitigation department or to the division or firm responsible for foreclosures. It was unreasonable and risky to assume that completely different departments within USAA's substantively segregated services would necessarily cross check and verify customer information.

For purposes of Rule 60(b)(6), the Court notes that the passage of time in this case is a crucial problem. The delay in the debtor's pursuit of this motion is atypically long. The proceeding was commenced November 2005, the default judgment entered by this Court in January 2006, and the judgment docketed in Scott County at the end of May 2006. Nearly three years followed with no activity in the case until the filing of the present motion. Otto was not inactive during the interim, but now is long past reasonable. The delay is excessive, undermines the bankruptcy process, and compromises the interest of finality. Moreover, the creditor acted appropriately since the inception of the proceeding and properly followed the process to conclusion. To vacate the judgment would be unduly prejudicial at this late hour.

The Court finds that its jurisdiction over this adversary proceeding was and remains sound. There are no circumstances present tending to undermine the legitimacy of the judgment, and no other circumstances justifying the relief sought. The default judgment is valid and the motion to vacate must be denied.

### III. DISPOSITION
IT IS HEREBY ORDERED:

1. The motion to vacate default judgment is DENIED;