# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3564

_____

Tracy Wilburn,                                   *
                                                 *
              Appellant,                         *
                                                 *  Appeal from the United States
       v.                                        *  District Court for the
                                                 *  Western District of Missouri.
Michael J. Astrue, Social Security               *
Commissioner,                                    *
                                                 *
              Appellee.                          *

_____

Submitted:  September 22, 2010
    Filed:  December 2, 2010

_____

Before RILEY, Chief Judge, MELLOY and COLLOTON, Circuit Judges.

_____

RILEY, Chief Judge.

       Tracy Wilburn appeals the district court's[1] order affirming the Social Security
Administration's (SSA) denial of Supplemental Security Income (SSI) benefits under
Title XVI of the Social Security Act. (Act). See 42 U.S.C. §§ 1381-1383(f).  We
affirm.

_____

       [1]The Honorable Robert E. Larsen, United States Magistrate Judge for the
Western District of Missouri, presiding by consent of the parties pursuant to 28 U.S.C.
§ 636(c).

## I. BACKGROUND

Wilburn alleges she is disabled due to an assortment of maladies originating from injuries to her left wrist and right hand, arm and shoulder. Wilburn first applied to the SSA for SSI benefits on July 2, 2002. The SSA denied Wilburn's application. In 2003, Wilburn reapplied pursuant to 20 C.F.R. § 416.1488(a) and the SSA again denied her application. Wilburn then requested a hearing before an Administrative Law Judge (ALJ) pursuant to 20 C.F.R. §§ 416.1429-1430, which the SSA granted.

On March 21, 2006, Wilburn appeared at the hearing, presided over by ALJ James S. Stubbs. Both Wilburn and her son testified at this hearing. ALJ Stubbs found the medical record complicated and determined a supplemental hearing was necessary to obtain testimony from a medical expert. On May 9, 2006, the SSA, through ALJ Stubbs, provided Wilburn with a Notice of Hearing, advising her the supplemental hearing would be held on June 5, 2006.

Upon arrival at the supplemental hearing, Wilburn discovered ALJ Stubbs had been replaced by ALJ George M. Bock. ALJ Bock advised Wilburn that he would preside over the supplemental hearing and determine whether Wilburn was disabled and thus eligible for SSI benefits. Wilburn's attorney objected because the SSA had not notified Wilburn of the substitution and because ALJ Bock had not heard Wilburn or her son's prior testimony. ALJ Bock noted the objection and proceeded with the supplemental hearing, where he heard testimony from a medical doctor and a vocational expert, as well as from Wilburn.

On July 21, 2006, ALJ Bock determined Wilburn had a residual functional capacity (RFC) to perform unskilled sedentary work, for which there existed sufficient employment opportunities. ALJ Bock then concluded Wilburn was not "disabled" within the meaning of the Act. Wilburn appealed to the SSA Appeals Council, which denied Wilburn's request for review, making ALJ Bock's decision the final decision of the Commissioner of Social Security (Commissioner). Wilburn sought judicial

review in the district court. The district court affirmed the Commissioner's denial of SSI benefits. See Wilburn v. Astrue, No. 08-0430, 2009 WL 2884747, at *31-32 (W.D. Mo. Sept. 3, 2009). This appeal followed.

On appeal, Wilburn contends: (1) the SSA violated Wilburn's due process rights by failing to provide adequate notice that a substitute ALJ would preside over the supplemental hearing; (2) the ALJ improperly discredited the testimony of Wilburn, her son, and her treating physician; (3) the ALJ submitted an improper hypothetical to the vocational expert; and (4) the evidence was insufficient to support the ALJ's conclusion that Wilburn had an RFC to perform certain work and was thus ineligible to receive SSI benefits.

## II.    DISCUSSION
### A.     Due Process Challenge

Wilburn argues the SSA violated its own regulations and Wilburn's due process rights by conducting the initial and supplemental hearings before two different ALJs without sufficient notice. Wilburn contends this failure to notify denied her an opportunity to be meaningfully heard because Wilburn and her attorney did not have adequate time to prepare for the hearing presided over by ALJ Bock. Wilburn also suggests ALJ Bock could not have properly fulfilled his responsibilities because he did not personally observe the testimony of Wilburn or her son at the March 21, 2006 hearing. "We review a challenge to the procedures of a social security disability hearing de novo." Hepp v. Astrue, 511 F.3d 798, 804 (8th Cir. 2008) (internal citations omitted).

We conclude the SSA did not violate its own regulations by failing to provide advance notice of the substitution of ALJ Bock for ALJ Stubbs. Wilburn is unable to point to any specific SSA regulation requiring such notice, instead arguing various regulations viewed together compel this conclusion. A review of relevant SSA regulations shows no such requirement. See 20 C.F.R. § 416.1429 (allowing for the

reassignment of a case to another ALJ without requiring notice to the applicant); § 416.1438 (articulating the specific information a Notice of Hearing must contain and not including the identity of the ALJ); § 416.1436 (requiring "reasonable notice" for a change in the time or place of a hearing, but not for a change in the ALJ).

Next, we consider Wilburn's constitutional claim. "The Due Process Clause of the Fifth Amendment requires that, before property can be taken, notice and an opportunity for a hearing be provided." Baldwin v. Credit Based Asset Servicing and Securitization, 516 F.3d 734, 737 (8th Cir. 2008). For purposes of review, we assume[2] the due process clause applies to the denial of Wilburn's benefits. See Hepp, 511 F.3d at 804 n.5 (citing Richardson v. Perales, 402 U.S. 389, 401-02 (1971)).

Social security disability applicants are entitled to a full and fair hearing, and a hearing which is "non-adversarial and therefore do[es] not require full courtroom procedures." Hepp, 511 F.3d at 804. "Adequate notice is that which is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Bliek v. Palmer, 102 F.3d 1472, 1475 (8th Cir. 1997) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "Due process is a flexible concept and a determination of what process is due, or what notice is adequate, depends upon the particular circumstances involved." Id. at 1475.

---

[2] Wilburn must have "a property interest" to qualify for due process protections under the Fifth Amendment. Hepp, 511 F.3d at 804 n.5. In Hepp, we explained the Supreme Court had not determined whether an applicant had a protected property interest in benefits the applicant hoped to receive. Id. Thus, we followed then, and we follow now, the Supreme Court's example in assuming "due process applied to social security hearings without determining whether [the applicant] had a property interest." Id. (citation omitted).

-4-

We reject Wilburn's contentions that the SSA violated her due process rights either by providing her inadequate notice or less than a full and fair hearing. The SSA's notice adequately apprised Wilburn of the pending hearing and afforded her the opportunity to present her objections. While not informing Wilburn of the substitution of ALJ Bock did prevent Wilburn from objecting until the day of the supplemental hearing, she still had a hearing and an opportunity to appeal to the Appeals Council where Wilburn could request revision of the decision or a new hearing before a different ALJ. See 20 C.F.R. § 416.1440. Notably, Wilburn did not avail herself of this opportunity to appeal based upon an objection to the substitution of ALJ Bock.

We also conclude the substitution of ALJ Bock did not deny Wilburn a full and fair hearing. We long ago stated, "A change in personnel occurring during the course of or at the close of an administrative hearing does not as such give rise to constitutional repugnance in a decision or order made by the administrative tribunal on the basis of the previous hearing." Gamble-Skogmo v. FTC, 211 F.2d 106, 112 (8th Cir. 1954) (citations omitted); see also Twin City Milk Producers Ass'n v. McNutt, 122 F.2d 564, 569 (8th Cir. 1941) ("It is well settled that a change of personnel in an administrative agency or tribunal during the course of a hearing, or at any time before the issuance of a final order on the hearing, does not invalidate the order.").

Finally, Wilburn is unable to show the substitution of ALJ Bock prejudiced her. See Briones-Sanchez v. Heinauer, 319 F.3d 324, 327 (8th Cir. 2003) ("In order to succeed on a due process claim, an alien must prove that he was actually prejudiced by the lack of process afforded to him."); Southard v. Sullivan, No. 91-3429, 1992 WL 144715 (8th Cir. June 29, 1992) (per curiam) (unpublished opinion) (reasoning the claimant did not show prejudice from the Department of Health and Human Services' alleged failure to provide notice). At the supplemental hearing, ALJ Bock explained he would listen to the testimony from the first hearing prior to making his

decision. We presume ALJ Bock properly discharged his official duties and did in fact review the testimony. See United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."); United States v. Ahrens, 530 F.2d 781, 785-86 (8th Cir. 1976) (applying the presumption of regularity to conclude an IRS employee properly recorded tax information on notice provided to the claimant); Cupples Co. Mfrs. v. N.L.R.B., 103 F.2d 953, 958 (8th Cir. 1939) (applying the presumption of regularity to conclude members of the National Labor Relations Board sufficiently considered all evidence before making a decision). More importantly, ALJ Bock's conclusion that Wilburn was not "disabled" relied predominately upon inconsistencies in the medical record as opposed to credibility determinations based upon the demeanor of the witnesses, thus diminishing the need to observe the testimony personally. See Gamble-Skogmo, Inc., 211 F.2d at 115 (noting de novo review by substituted examiner would have been unnecessary had the decision not relied upon credibility determinations requiring seeing and hearing witnesses' testimony). We also recognize ALJ Bock gave Wilburn the opportunity to testify again at the supplemental hearing. For these reasons, we conclude the SSA's substitution of ALJ Bock for ALJ Stubbs did not violate Wilburn's due process rights.

### B. Wilburn's Remaining Challenges

As to Wilburn's remaining arguments concerning the ALJ's credibility determinations, the hypothetical presented to the vocational expert, and the sufficiency of the evidence supporting the ALJ's conclusion with respect to Wilburn's RFC, we reviewed the record de novo and agree with the district court's thorough and well reasoned opinion. See 8th Cir. R. 47B.

## III. CONCLUSION

We affirm the district court's judgment.

———————————————————