SMITH, Circuit Judge,
concurring in part and dissenting in part.
I concur in the panel majority’s holdings that the bankruptcy court correctly decided that (1) Reuter’s debts are non-dis-chargeable under 11 U.S.C. § 523; (2) the bankruptcy code required the court to apply federal law to determine the question of non-dischargeability; and (3) Reuter sold unregistered securities in violation of Missouri law. I respectfully dissent from the court’s holding that the bankruptcy court made sufficient findings to adjudicate the nine investors’[9] underlying fraud claim. Supra Part II. B.
In determining whether a claim is nondischargeable under § 523(a)(2), a bankruptcy court must engage in two separate analyses. The court must analyze the claims under federal law as required by § 523, and the court must analyze the claims under substantive state law. See, e.g., Lawyers Title Ins. Corp. v. Dallam (In re Dallam), 850 F.2d 446, 449 (8th Cir.1988) (concluding that the claimant produced sufficient evidence to establish both fraud under Missouri law and nondischargeability under § 523(a)(2)).
*521 The majority holds that “the bankruptcy court did not err in finding that the nine creditors’ underlying claims against Reuter were valid based on his vicarious liability for Brown’s fraud under Missouri law.” But the bankruptcy court never made this finding. The bankruptcy court’s 54 page opinion omitted any finding that the investors proved their underlying Missouri vicarious liability claim against Reuter. Rather, the court merely concluded that the investors’ vicarious liability claim was non-dischargeable under § 523(a)(2).[10] Yet, the majority holds that the bankruptcy court made sufficient findings in its non-dischargeability analysis under § 523(a)(2) for this court to find that the investors proved their claim.
In so holding, the majority relies on vague deposition testimony in which Reuter responds affirmatively to whether Brown was “the cause of the problems with the[ ] investments.”[11] Although the bankruptcy court concluded that Reuter’s deposition testimony was sufficient to find the investors’ claims non-dischargeable under § 523, it may not have found this deposition testimony sufficient to hold Reuter liable for Brown’s fraud under Missouri law.[12] Because the “bankruptcy court’s findings are silent or ambiguous as to [this] outcome determinative fact question, [in my opinion], we may not make our own findings but must remand the case to the bankruptcy court for the necessary factual determination.” Baldwin v. Credit Based Asset Servicing & Securitization, 516 F.3d 734, 737 (8th Cir.2008) (quotation and citation omitted).
Accordingly, I conclude that the bankruptcy court did not make sufficient factual findings to determine whether Reuter is vicariously liable for Brown’s fraud under Missouri law for this court to adjudicate the claim for the first time on appeal. As a result, I would remand the case to the bankruptcy court to allow it to make this determination.

. The majority uses the term "creditors” to refer to the investors that sued Reuter for fraud. I prefer to use the term investors because the purpose of this appeal is to determine whether the nine people that invested with Reuter are creditors for bankruptcy purposes.

. The bankruptcy court decided "whether the evidence supports a finding that Brown and [Reuter] were partners such that Brown’s fraud should be imputed to [Reuter] under U.S. Supreme Court and Eighth Circuit precedent.” Cutcliff v. Reuter (In re Reuter), 427 B.R. 727, 743-59 (Bkrtcy.W.D.Mo.2010).

. Q. I think you’ve indicated that you believe he was the cause of the problems with these investments. Did that ever cause you—
A. True.
Q. —to consider terminating him from his position?
A. You lost your time line. I resigned months before we determined that he was the probable cause of the problems.
Q. So it wasn't until he was arrested that you determined he was the probable cause of the problems?
A. Correct.

. Although the two determinations are very similar, they are not the same.